**CONNELL FOLEY LLP**
One Newark Center
1085 Raymond Boulevard, Nineteenth Floor
Newark, New Jersey 07102
(973) 436-5800
Attorneys for Defendant, Haverfield International Incorporated (improperly pleaded as
   Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield
   Aviation)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN SMITH, on behalf of himself and all other similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>HAVERFIELD INTERNATIONAL INCORPORATED d/b/a HAVERFIELD CORPORATION d/b/a HAVERFIELD AVIATION,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>(HONORABLE_____) |

### NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY

   **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453,

defendant, Haverfield International Incorporated (improperly pleaded as Haverfield International

Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation) ("Defendant"), a

Delaware corporation, with its principal place of business in Gettysburg, Pennsylvania, through

its counsel, Connell Foley LLP, hereby removes to this Court the above styled action, pending as

Docket No. CUM-L-189-22 in the Superior Court of New Jersey, Cumberland County, Law

Division. Defendant believes that all of plaintiff's claims are without merit, and will dispute

them at the appropriate time, but for purposes of removal states as follows:

1.     Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1453 to remove this action from the Superior Court of New Jersey, Law Division, Cumberland County, where the case is now pending under the name and style, Kevin Smith, on behalf of himself and all other similarly situated persons v. Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation, bearing Docket No. CUM-L-189-22.

2.     In accordance with 28 U.S.C. § 1446(a), a copy of the Class Action Complaint filed by plaintiff on or about April 7, 2022 in the Superior Court of New Jersey is attached hereto as Exhibit A.

3.     In accordance with Fed. R. Civ. P. 81(c)(2), Defendant must answer or otherwise plead in response to the Class Action Complaint within seven (7) days of the filing of this Notice of Removal. In addition, in accordance with L. Civ. R. 6.1(b), Defendant is entitled to an additional fourteen (14) day extension of this time period. Attached hereto as Exhibit B, and also filed separately, is an application for an extension of time to answer or otherwise plead.

4.     Defendant was served with a copy of the Summons and Class Action Complaint on April 27, 2022.

5.     Accordingly, the within Notice of Removal is hereby filed within thirty (30) days of Defendant's receipt of the Summons and Complaint. See 28 U.S.C. § 1446(a) and (b).

6.     This action is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1453 and 28 U.S.C. § 1332(d)(2).

7.     The Court has original jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA"). CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a state different from any defendant," and the number of members of all proposed plaintiff classes exceeds one

hundred (100). 28 U.S.C. § 1332(d)(2)(A) and (d)(5). As explained below, these criteria are all met here.

8.     <u>Amount in Controversy</u>. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S.Ct. 547, 554 (2014). No evidentiary support is required, and the Court should accept a defendant's amount in controversy allegation. <u>Id.</u> at 553. Indeed, a simple allegation or assertion that the jurisdictional threshold has been met is sufficient for establishing the amount in controversy. <u>Id.</u> at 554. With specific regard to establishing the amount in controversy jurisdictional threshold under CAFA, the district court must aggregate the claims of the individual class members. 28 U.S.C. § 1332(d)(6). This entails "adding up the value of the claim by each person who falls within the definition of [the] proposed class." <u>Standard Fire Ins. Co. v. Knowles</u>, 133 S.Ct. 1345, 1348 (2013).

9.     Based on the allegations in the Class Action Complaint, the aggregate amount in controversy for purposes of determining CAFA jurisdiction exceeds $5,000,000, exclusive of interest and costs. Plaintiff's Class Action Complaint seeks to certify a class of persons who, between April 7, 2016 and the present, were employees of Defendant and "paid on a day-rate basis (including but not limited pilots, mechanics, inspectors, linemen and groundmen) who performed services for Defendant in at least one work week in the State of New Jersey", and were not paid overtime and prevailing wages pursuant to the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, et seq. ("NJWHL"), the New Jersey Prevailing Wage Act, N.J.S.A. § 34:11-56.25 et seq. ("NJPWA"), the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.10 ("NJWPL"), and the New Jersey Public Utilities Labor Dispute statute, N.J.S.A. § 34:13B-2.1 ("NJPULD"). (<u>See</u> Plaintiff's Class Action Complaint, ¶¶ 1, 5). In his Prayer for Relief, plaintiff seeks damages on behalf of all putative class members in the form of: (1) unpaid overtime wages

as required by the NJWHL; (2) prevailing and overtime wages as required by the NJPWA and NJPULD; (3) liquidated damages in the amount of 200% of all unpaid or underpaid wages; (4) declaratory and injunctive relief; and (5) attorneys' fees and costs. Even assuming a putative class with as few as 100 class members (the minimum required for CAFA jurisdiction), the amount in controversy threshold is easily met in this matter.

10.     Plaintiff's Class Action Complaint seeks unpaid overtime wages in accordance with the NJWHL, N.J.S.A. § 34:11-56a4(b), which requires employers to pay employees an overtime premium at a rate of "not less than 1 ½ times such employee's regular hourly rate for each hour of working in excess of 40 hours in any week." (See Plaintiff's Class Action Complaint, ¶ 27). Plaintiff, Kevin Smith, alleges that he worked "approximately 60 or more hours per week and [was] paid no overtime premium whatsoever for hours worked in excess of forty (40) hours in a workweek." (Id. at ¶ 14). Plaintiff, Kevin Smith, also alleges that he worked on at least six (6) week long projects in New Jersey during the proposed class period. (Id. at ¶ 12). Finally, plaintiff, Kevin Smith, alleges that he earned as much as $105.67 per hour. (Id. at ¶ 30). Thus, assuming the allegations to be true, plaintiff, Kevin Smith, would be entitled to $19,020.60 in unpaid overtime wages (20 hours of overtime per week x 6 weeks x $158.51/hour (1 ½ times his regular hourly rate)). Assuming there are 100 class members that have similar unpaid overtime wages, this amounts to $1,902,060 in unpaid overtime wages.

11.     Plaintiff's Class Action Complaint also seeks liquidated damages equal to 200% of the unpaid wages pursuant to the NJWHL and/or the NJWPL. (See Plaintiff's Class Action Complaint, ¶¶ 33, 46). Thus, based on the $1,902,060 in unpaid overtime wages, plaintiff and the putative class members would be entitled to an additional $3,804,120 in liquidated damages, bringing the total class wide damages to $5,706,180.

12.    Plaintiff's Class Action Complaint also seeks declaratory and injunctive relief. Specifically, plaintiff seeks to "Declare that Defendant failed to pay overtime wages as required by the NJWHL," "Declare that Defendant failed to pay prevailing and overtime wages as required by the NJPWA and NJPULD," and to "Enjoin Defendant from violating New Jersey law." (See Plaintiff's Class Action Complaint, Prayer for Relief, ¶¶ C, D, and G).  Courts may appropriately quantify a value for injunctive relief when determining amount in controversy. In re Corestates Trust Fee Litigation, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.").  Here, the value of the right sought to be protected is at least equal to the amount of overtime wages alleged to have been unpaid by Defendant, which could total $1,902,060 if the total class size were limited to 100 persons, the minimum required to satisfy CAFA's jurisdictional threshold.   Thus bringing the total class wide damages to $7,608,240.

13.    Plaintiff seeks an award of attorneys' fees and costs pursuant to the NJWHL, NJWPA, NJPULD, and/or the NJWPL.  The Third Circuit has held that, for purposes of estimating the amount in controversy, attorneys' fees and costs could be as much as thirty percent of the total judgment. See Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007). Assuming plaintiff and the putative class prevail on their clams for unpaid overtime wages, which total $1,902,060 (assuming only 100 class members), thirty percent of that award is $570,618. If plaintiff and the putative class prevail on the liquidated damages award as well, the total award would be $5,706,180, thirty percent of which would be $1,711,854.  Finally, if plaintiff and the putative class prevail on their request for declaratory and injunctive relief as well, the total award would be $7,608,240, thirty percent of which would be $2,282,472.

14.    Accordingly, assuming a putative class with as little as 100 class members (the minimum required for CAFA jurisdiction), and that plaintiff and the putative class prevail on their claims for unpaid overtime wages ($1,902,060), liquidated damages ($3,804,120), declaratory and injunctive relief ($1,902,060), and for attorneys' fees and costs ($2,282,472), the amount in controversy in this matter totals $9,890,712, which far exceeds the $5,000,000 amount in controversy requirement of CAFA (without taking into account plaintiff's claim for prevailing as required by the NJPWA and NJPULD).

15.    <u>Citizenship of the Parties</u>.  CAFA requires only minimal diversity, namely that "any member of a class of plaintiffs is a citizen of a state different from any defendant…" 28 U.S.C. § 1332(d)(2)(A).  For purposes of diversity jurisdiction, a corporation is considered to be a resident of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).  Here, there is complete diversity of citizenship between "any member of a class of plaintiffs" and Defendant.  According to plaintiff's Class Action Complaint, Defendant performs "work nationwide (including in New Jersey) in the electric utility industry." (See Plaintiff's Class Action Complaint, ¶ 8).  Plaintiff further alleges that he and other putative class members work for Defendant on "projects throughout the eastern half of the Unites States, as well as throughout New Jersey." (Id. at ¶ 12).  Defendant contends that, upon information and belief based on the alleged putative class and class period, it employed putative class members from states including, but not limited to, West Virginia, Texas, Mississippi, and Georgia.  Defendant is a Delaware corporation, with its principal place of business in Gettysburg, Pennsylvania.  Thus, Defendant is a citizen of both Delaware and Pennsylvania, and the diversity requirements of CAFA have been satisfied.

16.    <u>Number of Class Members</u>.  Plaintiff's Class Action Complaint, at paragraph 19, alleges that the "putative Class is so numerous that joinder of all members is impracticable" and

further that "the facts on which the calculation of that number would be based are within the sole custody and/or control of Defendant." Defendant contends that, upon information and belief based on the alleged putative class and class period, it employed in excess of 100 putative class members.

17.    The above described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs; diversity of citizenship exists between any member of the putative class and Defendant; and based on the allegations in the Class Action Complaint, the number of members of the proposed plaintiff class exceeds 100.

18.    None of the exceptions to jurisdiction set forth in § 1332(d)(3) or (d)(4) apply.

19.    By filing this Notice of Removal, Defendant does not waive any defense that may be available to it, including, but not limited to, the right to contest in personam jurisdiction, improper service of process, and improper venue, in this Court or the court from which this action has been removed.

WHEREFORE, defendant, Haverfield International Incorporated (improperly pleaded as Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation), prays that the above action now pending against it in the Superior Court of New Jersey, Cumberland County, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c), and § 1453.

**CONNELL FOLEY LLP**
Attorneys for Defendant,
Haverfield International Incorporated (improperly
pleaded as Haverfield International Incorporated
d/b/a Haverfield Corporation, d/b/a Haverfield
Aviation)

By: _____
           Matthew W. Bauer

Dated: May 27, 2022

## LOCAL CIVIL RULE 11.2

I, Matthew W. Bauer, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**CONNELL FOLEY LLP**
Attorneys for Defendant,
Haverfield International Incorporated (improperly pleaded as Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation)

By: _____
           Matthew W. Bauer

Dated: May 27, 2022

# EXHIBIT A

# Civil Case Information Statement

## Case Details: CUMBERLAND | Civil Part Docket# L-000189-22

**Case Caption:** SMITH KEVIN  VS HAVERFIELD
INTERNATI ONAL INCO

**Case Initiation Date:** 04/07/2022

**Attorney Name:** JAMES EDWARD GOODLEY

**Firm Name:** GOODLEY MCCARTHY LLC

**Address:** 1650 MARKET STREET, SUITE 3600

PHILADELPHIA PA 19103

**Phone:** 2153940541

**Name of Party:** PLAINTIFF : Smith, Kevin

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** Kevin Smith? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
 **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/07/2022
Dated

/s/ JAMES EDWARD GOODLEY
Signed

**GOODLEY MCCARTHY LLC**
James E. Goodley
NJ Attorney ID: 048572013
james@gmlaborlaw.com
Ryan P. McCarthy
NJ Attorney ID: 219022016
ryan@gmlaborlaw.com
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 394-0541

*Attorneys for Plaintiff and the Putative Class*

| | |
|---|---|
| KEVIN SMITH,<br><br>On behalf of himself and all other similarly situated persons<br><br>Plaintiff,<br><br>v.<br><br>HAVERFIELD INTERNATIONAL INCORPORATED d/b/a HAVERFIELD CORPORATION, d/b/a HAVERFIELD AVIATION<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CUMBERLAND COUNTY<br>LAW DIVISION<br><br>DOCKET NO.:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff Kevin Smith ("Plaintiff" or "Smith") brings this class action against Defendant Haverfield International Incorporated, d/b/a Haverfield Corporation, d/b/a Haverfield Aviation ("Defendant" or "Haverfield") on behalf of himself and all other day-rate workers, for whom Defendant illegally denied both overtime and prevailing wages on utility construction and inspection projects.

## NATURE OF THE ACTION

1.      This is a putative class action brought by an employee of Defendant seeking

unpaid overtime and prevailing wages, pursuant to the New Jersey Wage and Hour Law,

N.J.S.A. 34:11-56a *et seq.* ("NJWHL"), the New Jersey Prevailing Wage Act, N.J.S.A. 34:11-

56.25 *et seq.* ("NJPWA"), the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.10

("NJWPL"), and the New Jersey Public Utilities Labor Disputes statute, N.J.S.A. § 34:13B-2.1

("NJPULD").

## PARTIES AND VENUE

2.      Plaintiff Kevin Smith is an adult individual who has been employed by Defendant

as a lineman and a groundman throughout New Jersey (including work in this County). Plaintiff

resides in Middletown, Pennsylvania.

3.      Haverfield International Incorporated, d/b/a Haverfield Corporation, d/b/a

Haverfield Aviation ("Defendant" or "Haverfield"), is a Delaware Corporation based in

Gettysburg, Pennsylvania.  Defendant performed substantial utility and construction work in

New Jersey, including in this County.

4.      Defendant was at all relevant times an "employer" of Plaintiff and the putative

class, within the meaning of the NJWHL and the NJPWA.

5.      Plaintiff seeks to represent the following class of similarly situated individuals:

> All workers paid on a day-rate basis (including but not limited to
> pilots, mechanics, inspectors, linemen and groundmen) who
> performed services for Defendant in at least one workweek in the
> State of New Jersey, within the six (6) years preceding the filing of
> this action ("Day Rate Workers" or the "Class").

6.      Plaintiff also seeks to represent the following subclass of similarly situated

individuals:

2

All Day Rate Workers who performed lineman and/or groundman[1]
construction work for Defendant on a public utility in New Jersey,
on any day within the six years preceding filing of this action (the
"Public Utility Subclass" or the "Subclass").

7.      Venue is proper in this County because Plaintiff worked in Cumberland County,

where the cause of action arose.  N.J. Ct. R. R. 4:3-2 (a)(3).

## FACTUAL ALLEGATIONS

8.      Defendant Haverfield is an aviation and construction/inspection company

performing work nationwide (including in New Jersey) in the electric utility industry.  Haverfield

describes itself as follows:

Haverfield Aviation Inc. is the leading provider of helicopter power line
inspections, as well as maintenance, repair, upgrade, replacement and construction
support services to the North American electric utility industry. Founded in 1981
and based in Gettysburg, PA, Haverfield is recognized as the pioneer of aerial
transmission services to the utility industry, revolutionizing power services by
demonstrating the applicability of helicopters to the transmission grid.

See https://www.haverfield.com/about/ (last accessed 2/9/2022).

9.      Haverfield entered into contracts with public utilities (such as PEPCO and First

Energy) to perform utility construction work in New Jersey.  In performing this utility work,

Haverfield employs linemen and groundmen to perform electrical utility construction work in

New Jersey.

10.      Haverfield also provides inspection services for utilities.  During an inspection

job, Haverfield would provide a piloted helicopter, with an inspector and a lineman on board for

the purposes of spotting and correcting potential failures of the electrical system.

---

[1] "Lineman" may include "Journeyman Lineman," "Line Foreman, and other similar job titles in
the applicable Prevailing Wage Rate Determinations.  "Groundman" may include "Groundman
Winch Operator," "Groundman Truck Driver," "Groundman 1st Year," "Groundman 2nd Year,"
and other similar job titles in the applicable Prevailing Wage Rate Determinations.

11.    In all contexts, Haverfield's pilots, inspectors, mechanics, linemen and groundmen were paid on a day-rate basis, and were not paid any daily overtime premium or weekly overtime premium for hours worked over forty (40) in a workweek.

12.    Plaintiff Smith worked for Haverfield as a groundman (and later lineman) on inspection and construction projects throughout the eastern half of the United States, as well as throughout New Jersey. More specifically, in New Jersey, Plaintiff Smith worked on projects based out of Monmouth County for approximately three weeks in February 2020, approximately one week in Salem County in September 2020, and approximately two weeks in Cumberland County in September 2021.

13.    Plaintiff and Class Members were each compensated exclusively on a day-rate basis. Plaintiff was paid approximately $250 per day as a groundmen and approximately $300-$350 per day for his work as a lineman.

14.    Plaintiff and Class Members regularly worked approximately 60 or more hours per week and were provided no overtime premium whatsoever for hours worked in excess of forty (40) hours in a workweek.

15.    Additionally, on public utility construction projects, Haverfield failed to pay Plaintiff and Public Utility Subclass Members the full and correct prevailing wage (including benefit supplements) and daily or weekly overtime premiums for linemen and groundmen, as required by the NJPWA and NJPULD.

16.    To the extent Class Members performed in the same week some public utility construction work requiring prevailing wages, and some other types of work not requiring prevailing wages, Defendant was required to pay Plaintiff and the Public Utility Subclass an overtime premium based on the "weighted average of such rates." *See* 29 C.F.R. § 778.115.

4

17.     Class Members are not exempt from an entitlement to overtime compensation.

## CLASS ACTION ALLEGATIONS

18.     This action is maintainable as a class action under Rule 4:32.

19.     The putative Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are within the sole custody and/or control of Defendant, upon information and belief, Defendant has employed in excess of 50 Class Members in New Jersey during the Class Period.

20.     Among the proposed class, common questions of law and fact exist as to all Class Members and predominate over any questions that affect only individual Class Members.  Those common questions include, but are not limited to:

a.      Whether Defendant paid the applicable prevailing rates of pay to Class Members for public utility construction work in accordance with the NJPWA and NJPULD.

b.      Whether Defendant failed to pay Class Members an overtime premium for all hours worked in excess of forty (40) per workweek.

21.     Plaintiff's claims are typical of those belonging to members of the Class in that: (1) Plaintiff is a member of the Class; (2) Plaintiff's claims arise from the same practice or course of conduct that forms the basis of the Class claims; (3) Plaintiff's claims are based upon the same legal and remedial theories as those of the Class and involve similar factual circumstances; (4) there is no antagonism between the interests of Plaintiff and absent Class Members; and (5) the injuries that Plaintiff suffered are similar to the injuries that Class Members suffered.

22.    Plaintiff will fairly and adequately represent the Class.  There is no conflict between Plaintiff's claims and those of other Class Members.  Plaintiff has retained counsel who are skilled and experienced in class actions and who will vigorously prosecute this litigation.

23.    The Class is readily ascertainable from Defendant's own records.

24.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable.  Furthermore, the damages suffered by individual Class Members may be relatively small and the expense and burden make it impracticable for Class Members to individually seek redress.

25.    Plaintiff knows of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COUNT ONE**
**NJWHL Overtime Pay Violation**
**Plaintiff and the Class v. Defendant**
**Plaintiff and the Public Utility Subclass v. Defendant**

26.    Plaintiff, on behalf of himself and all Class Members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

27.    The NJHWL, N.J. Stat. Ann. § 34:11-56a4(b), requires employers to pay employees an overtime premium at a rate of "not less than 1 ½ times such employee's *regular hourly rate* for each hour of working time in excess of 40 hours in any week."

28.    While the "regular hourly rate" is typically based on the rates actually paid to the employee, that rate, of course, cannot be less than the applicable statutory minimum wage for the work performed.  *Cf.* 29 C.F.R. § 778.5 ("Where a higher minimum wage than set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee . . . cannot be lower than such applicable minimum").

29.     As a groundman and later as a lineman on public utility jobs, Plaintiff's "regular hourly rate" for purposes of overtime compensation under the NJWHL (and NJPWA and NJPULD) could not be less than the statutory minimums set by the NJPULD, and NJPWA incorporated therein.

30.     Plaintiff's "regular hourly rate" for purposes of calculating overtime compensation under the NJWHL ranged from approximately $58.82 - $105.67 per hour (depending on the type of work, timeframe and county of work);. *See, e.g.*, Ex. A, Cumberland County Prevailing Wage Rate Determination.

31.     Plaintiff and the Class Members are not exempt under state law from an entitlement to overtime pay for overtime hours worked.

32.     Plaintiff and Class Members worked in excess of forty (40) hours per week, and Defendant unlawfully failed to pay Plaintiff and Class Members full and proper overtime wages because Defendant failed to pay any overtime compensation at all, let alone at the required regular hourly rates described herein.

33.     As a result of these violations, Defendant is liable for unpaid overtime wages, interest, liquidated damages equal to 200% of the unpaid wages, and attorneys' fees and costs (with appropriate fee enhancements), as well as further relief as described below.

## COUNT TWO
### NJPWA and NJPULD
### Prevailing Wage Violation
### Plaintiff and the Public Utility Subclass v. Defendant

34.     Plaintiff, on behalf of himself and all Public Utility Subclass Members, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

35.    The NJPULD incorporates by reference the NJPWA (*see* N.J.S.A. § 34:13B-2.1 (incorporating "34:11-56.25 *et seq.*"), which provides that laborers on public works projects (as defined by the NJPWA) are the be paid the minimum prevailing wage in accordance with the type of work performed, and that an underpaid worker may bring a civil action for failure to pay prevailing wages. N.J.S.A. §§ 34:11-56.30, 56.40.

36.    The NJPULD broadens the NJPWA by requiring that "[a]ny employee employed by a construction contractor engaged in construction work on a public utility shall be paid the wage rate for their craft or trade as determined by the Commissioner of Labor and Workforce Development pursuant to the [NJPWA]."

37.    Plaintiff and Class Members performed construction work as linemen and groundmen employed by Defendant (a construction contractor), performing construction work on public utilities.

38.    Plaintiff and the Class were thus entitled to the minimum prevailing wages (including supplemental benefits) for each hour worked on such projects, and, to be paid any applicable daily or weekly overtime premiums on the bases provided in applicable Prevailing Wage Rate Determinations.

39.    However, Defendant violated the NJPULD and NJPWA as it never paid Plaintiff and the Subclass the required prevailing minimum wages for hours worked on utility construction projects in New Jersey.

40.    Defendant also failed to make, keep, and preserve records with respect to Plaintiff and the Collective sufficient to determine their wages, hours, and other conditions of employment in violation of the NJPWA.  N.J.S.A. § 34:11-56.29.

41.    Pursuant to N.J.S.A. § 34:11-56.40, employers such as Defendants, who fail to

pay employees wages in conformance with the requirements of the NJPWA and NJPULD, shall

be liable to the employees for the unpaid wages, as well as court costs, expenses, and attorneys'

fees incurred recovering the unpaid wages.

**COUNT THREE**
**NJWPL, N.J.S.A. § 34:11-4.1(c)**
**Plaintiff and the Class v. Defendant**
**Plaintiff and the Public Utility Subclass v. Defendant**

42.    Plaintiff, on behalf of himself and all Class Members, re-alleges and incorporates

by reference the allegations contained in the paragraphs above as if fully set forth herein.

43.    The NJWPL provides employees a private right of action for violations of the

NJWHL, the NJPWA and other state wage and hour laws.  N.J.S.A. § 34:11-4.10(c).

44.    As described herein, Defendant violated the NJWPL by failing to pay Plaintiff,

the Class and the Public Utility Subclass overtime wages for each hour worked over forty (40) in

a workweek as required by the NJWHL, as well as failing to pay the Subclass the prevailing

minimum and overtime wages required by the NJWHL, NJPWA, and the NJPULD.

45.    Defendant's violation of the NJWPL was not an inadvertent error made in good

faith; nor were there any reasonable grounds for belief that Defendant's actions were not a

violation of the NJWHL, NJPWA, and NJPULD.  Rather, in flagrant disregard of New Jersey

law, Defendant made no attempt to pay Plaintiff or any Class Members the overtime and

prevailing minimum/overtime wages required by state law, despite having knowledge of these

legal mandates.

46.    Pursuant to N.J.S.A. § 34:11-4.10(c), employers such as Defendant, who fail to

pay employees wages in conformance with state law, shall be liable to the employees for the

unpaid wages, liquidated damages equal to 200% of the unpaid wages, plus court costs, expenses, and attorneys' fees incurred.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief against Defendant as follows:

A.    Certify this action as a class action pursuant to Rule 4:32, and appoint Plaintiff as Class Representative and his attorneys as Class Counsel;

B.    Direct class notice to all Class Members;

C.    Declare that Defendant failed to pay overtime wages as required by the NJWHL;

D.    Declare that Defendant failed to pay prevailing and overtime wages as required by the NJPWA and NJPULD;

E.    Award prevailing wages and overtime wages, plus liquidated damages in the amount of 200% of all unpaid or underpaid wages to Plaintiff and Class Members;

F.    Award pre-judgment and post-judgment interest at the highest rates allowed by law;

G.    Enjoin Defendant from violating New Jersey law;

H.    Award costs and expenses of this action;

I.    Award reasonable attorneys' fees (with appropriate fee enhancements); and

J.    Award such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to N.J. Ct. R. R. 4:35-1, Plaintiff demands a trial by jury on claims so triable.

Date: March 18, 2022                    /s/ James E. Goodley

## DESIGNATION OF TRIAL COUNSEL

Pursuant to N.J. Ct. R. R. 4:5-1(c), James E. Goodley, Esq. is hereby designated as trial counsel for Plaintiff and all Class Members.

Date: March 18, 2022                    /s/ James E. Goodley

## CERTIFICATION PURSUANT TO N.J. Ct. R. R. 4:5-1(b)(2)

I hereby certify, pursuant to N.J. Ct. R. R. 4:5-1, that the matter in controversy herein is the subject of no other pending or contemplated legal proceeding or arbitration.

Date: March 18, 2022                    /s/ James E. Goodley

## CERTIFICATION PURSUANT TO N.J. Ct. R. R. 4:5-1(b)(3)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with N.J. Ct. R. R. 1:38-7(b).

Date: March 18, 2022                    /s/ James E. Goodley


Dated:  March 18, 2022                    Respectfully submitted,

                                        /s/ James E. Goodley
                                        **GOODLEY MCCARTHY LLC**
                                        James E. Goodley
                                        NJ Attorney ID: 048572013
                                        james@gmlaborlaw.com
                                        Ryan P. McCarthy
                                        NJ Attorney ID: 219022016
                                        ryan@gmlaborlaw.com
                                        One Liberty Place
                                        1650 Market Street, Suite 3600
                                        Philadelphia, PA 19103
                                        Tel: (215) 394-0541

                                        *Attorneys for Plaintiff and the Class*

11



Ex. A

**STATE OF NEW JERSEY**
Department of Labor and Workforce Development
Division of Wage and Hour Compliance - Public Contracts Section
PO Box 389
Trenton, NJ 08625-0389

### PREVAILING WAGE RATE DETERMINATION

The New Jersey Prevailing Wage Act (N.J.S.A. 34:11-56.25 et seq.) requires that the Department of Labor and Workforce Development establish and enforce a prevailing wage level for workers engaged in public works in order to safeguard their efficiency and general well being and to protect them as well as their employers from the effects of serious and unfair competition.

Prevailing wage rates are wage and fringe benefit rates based on the collective bargaining agreements established for a particular craft or trade in the locality in which the public work is performed. In New Jersey, these rates vary by county and by the type of work performed.

Applicable prevailing wage rates are those wages and fringe benefits in effect on the date the contract is awarded. All pre-determined rate increases listed at the time the contract is awarded must also be paid, beginning on the dates specified. Rates that have expired will remain in effect until new rates are posted.

**Prevailing Wage Rate**

The prevailing wage rate for each craft will list the effective date of the rate and the following information:

    **W** = Wage Rate per Hour        **B** = Fringe Benefit Rate per Hour*        **T** = Total Rate per Hour

    *    Fringe benefits are an integral part of the prevailing wage rate. Employers not providing such benefits must pay the fringe benefit amount directly to the employee each payday. Employers providing benefits worth less than the fringe benefit amount must pay the balance directly to the employee each payday.

        Unless otherwise stated in the Prevailing Wage Rate Determination, the fringe benefit rate for overtime hours remains at the straight time rate.

        When the Overtime Notes in the Prevailing Wage Rate Determination state that the overtime rates are "inclusive of benefits," the benefit rate is increased by the same factor as the wage rate (i.e. multiplied by 1.5 for time and one-half, multiplied by 2 for double time, etc.).

**Apprentice Rate Schedule**

An "apprentice" is an individual who is registered with the United States Department of Labor - Office of Apprenticeship and enrolled in a certified apprenticeship program during the period in which they are working on the public works project.

The apprentice wage rate is a percentage of the journeyman wage rate, unless otherwise indicated. The apprentice benefit rate is the full journeyman benefit rate, unless otherwise indicated.

If there is no apprentice rate schedule listed, the individual must be paid at least the journeyman rate even if that individual is in a certified apprentice program for that trade.

If there is no ratio of apprentices to journeymen listed for a particular craft, then the ratio shall be one (1) apprentice to every four (4) journeymen.

**Comments/Notes**

For each craft listed there will be comments/notes that cover the definition of the regular workday, shift differentials, overtime, recognized holidays, and any other relevant information.

**Public Works Contractor Registration**

The Public Works Contractor Registration Act (N.J.S.A. 34:11-56.48, et seq.) requires that **all** contractors, subcontractors, or lower tier subcontractors who are working on or who bid on public works projects register with the Department of Labor and Workforce Development. Applications are available at *www.nj.gov/labor* (click on Wage & Hour and then go to Registration & Permits).

Pursuant to N.J.S.A. 34:11-56.51:

*No contractor shall bid on any contract for public work as defined in section 2 of P.L.1963, c. 150 (C.34:11-56.26) unless the contractor is registered pursuant to this act. No contractor shall list a subcontractor in a bid proposal for the contract unless the subcontractor is registered pursuant to P.L.1999, c.238 (C.34:11-56.48 et seq.) at the time the bid is made. No contractor or subcontractor, including a subcontractor not listed in the bid proposal, shall engage in the performance of any public work subject to the contract, unless the contractor or subcontractor is registered pursuant to that act.*

**Snow Plowing**

Snow plowing contracts are <u>not</u> subject to the New Jersey Prevailing Wage Act or the Public Works Contractor Registration Act.

**NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT**

**PREVAILING WAGE RATE DETERMINATION**

County - CUMBERLAND

Craft: Electrician- Outside Commercial          PREVAILING WAGE RATE

|  | 10/04/21 |
|---|---|
| Assistant General Foreman | W60.23 B52.71 T112.94 |
| Foreman | W56.21 B49.59 T105.80 |
| General Foreman | W65.25 B56.62 T121.87 |
| Groundhand, Truck Driver, Conduit Installer (1 year or more experience) | W25.10 B25.38 T50.48 |
| Groundhand, Truck Driver, Conduit Installer (2 years or more experience) | W35.13 B33.18 T68.31 |
| Groundhand, Truck Driver, Conduit Installer (3 years or more experience) | W42.66 B39.04 T81.70 |
| Groundhand, Truck Driver, Conduit Installer (less than1 year exp.) | W19.59 B1.20 T20.79 |
| Journeyman Lineman | W50.19 B44.91 T95.10 |
| Lead Foreman | W57.72 B50.76 T108.48 |
| Working Foreman | W52.70 B46.86 T99.56 |

Craft: Electrician- Outside Commercial          APPRENTICE RATE SCHEDULE

| INTERVAL | PERIOD AND RATES | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 Months | 25.52 | 27.63 | 29.75 | 31.87 | 33.99 | 36.11 | 38.22 | | | |
| Benefits | 10.30 | 10.92 | 11.52 | 12.15 | 12.76 | 13.38 | 14.00 | | | |

Craft: Electrician- Outside Commercial          COMMENTS/NOTES

NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
PREVAILING WAGE RATE DETERMINATION

County - CUMBERLAND

\* FOR UTILITY WORK PLEASE SEE STATEWIDE RATES

FOREMAN REQUIREMENTS (number of Electricians on site):
(1 to10)- one Working Foreman.
(11 to 20)- one Working Foreman and one Foreman.
(21 to 30)- one Working Foreman, one Foreman and one Lead Foreman.
(31 to 40) - one Working Foreman, two (2) Foremen and one Lead Foreman.
(41 to 50)- one Working Foreman, four (4) Foremen, one Assistant General Foreman (runs 5 foremen), and one General Foreman.
(51 to 60)- one Working Foreman, five (5) Foremen, one Assistant General Foreman (runs 5 foremen), and one General Foreman
(runs one foreman).
(61 to 70)- one Working Foreman, six (6) Foremen, one Assistant General Foreman (runs 5 foremen), and one General Foreman
(runs two foremen).
(71 to 80)- one Working Foreman, seven (7) Foremen, two (2) Assistant General Foremen and one General Foreman.
(81 to 90)- one Working Foreman, eight (8) Foremen, two (2) Assistant General Foremen, and one General Foreman.
(91 to 100)- one Working Foreman, nine (9) Foremen, two (2) Assistant General Foremen and one General Foreman.

The regular workday consists of 8 hours, between 7:00 AM and 4:30 PM.


SHIFT DIFFERENTIALS:
 Shift work must run for a minimum of 5 consecutive workdays.
 2nd Shift (4:30 PM to 12:30 AM): 8 hrs. pay for 7.5 hrs. work + an additional 10% of the wage rate, inclusive of benefits.
 3rd Shift (12:30 AM to 8:00 AM): 8 hrs. pay for 7 hrs. work + an additional 15% of the wage rate, inclusive of benefits.

OVERTIME:
All hours in excess of 8 per day, Monday through Friday, that are not shift work, and all hours on Saturday shall be paid
at time and one-half the regular rate, inclusive of benefits. All hours on Sundays and Holidays shall be paid at double
the regular rate, inclusive of benefits.


RECOGNIZED HOLIDAYS:
New Year's Day, Memorial Day, July 4th, Labor Day, Presidential Election Day, Veterans' Day, Thanksgiving Day,
Christmas Day. Sunday holidays will be observed the following Monday.

**NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT**

**PREVAILING WAGE RATE DETERMINATION**

**County - CUMBERLAND**

Craft:  Electrician-Utility Work (North)                    **PREVAILING WAGE RATE**

Rates are located in the "Statewide" rate package

Craft:  Electrician-Utility Work (North)                    **APPRENTICE RATE SCHEDULE**

| INTERVAL | PERIOD AND RATES | | | | | | | | | |
|----------|--------|--------|------|------|------|--------|----------|--|--|--|
| * 6 Months | 60% | 65% | 70% | 75% | 80% | 85% | 90% | | | |
| Benefits | 69% of | Appren | tice | Wage | Rate | for all | intervals | | | |

Craft:  Electrician-Utility Work (North)                    **COMMENTS/NOTES**

Electrician-Utility Work (North) rates are located in the "Statewide" rate package.

* The apprentice wage rate is paid at the percentage of the Journeyman Lineman wage rate located in the "Statewide" rate package.

NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

PREVAILING WAGE RATE DETERMINATION

County - CUMBERLAND

**Craft:** Electrician-Utility Work (South)                    **PREVAILING WAGE RATE**

Rates are located in the "Statewide" rate package

**Craft:** Electrician-Utility Work (South)                    **APPRENTICE RATE SCHEDULE**

| INTERVAL | PERIOD AND RATES | | | | | | | | | |
|----------|-------|-------|-------|-------|-------|-------|-------|---|---|---|
| 6 Months | 30.60 | 33.15 | 35.70 | 38.25 | 40.80 | 43.35 | 45.90 | | | |
| Benefits | 26.90 | 28.42 | 29.93 | 31.47 | 32.98 | 34.52 | 26.01 | | | |

**Craft:** Electrician-Utility Work (South)                    **COMMENTS/NOTES**

Electrician-Utility Work (South) rates are located in the "Statewide" rate package.

TERRITORY          NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

ENTIRE STATE          PREVAILING WAGE RATE DETERMINATION

### ELECTRICIAN- UTILITY WORK (NORTH)    Rates Expiration Date :

Electrician-Utility Work (North)
(For apprentice rates refer to Electrician-Utility Work (North) in any county rate package).
These rates apply to work contracted for by the following utility companies:
Public Service Electric & Gas Co. of NJ, GPU Energy, Borough of Madison Electric Department, Sussex Rural
Electric Cooperative, Rockland Utilities, and Butler Municipal Electric Co.
These rates do not apply to work on substations or switching stations.
For Utility work contracted for by a utility company other than those listed above or those listed under "Electrician-
Utility Work (South), see the "Outside Commercial Rates" for the county in which the jobsite is located.

\* FOR OUTSIDE COMMERCIAL RATES PLEASE SEE COUNTY RATES

The regular workday is 8 hours, between 6:00 AM and 6:00 PM.
FOR EMERGENCY WORK ONLY: (emergency work is defined as work caused by storm, catastrophe, act of god, and circumstances
beyond the control of the employer)-all hours of work shall be paid at double the hourly rate.
SHIFT DIFFERENTIALS:
Shift work must run for a minimum of 5 consecutive workdays.
2nd shift (between the hours of 4:30 PM and 1:00 AM): 8 hours of work + 17.3% of the regular rate, inclusive of benefits.
3rd shift (between the hours of 12:30 AM and 9:00 AM): 8 hours of work + 31.4% of the regular rate per hour, inclusive of benefits.

OVERTIME:
Hours in excess of 8 per day, or before or after the regular wokday Monday through Friday, that is not shift work, and all hours on
Saturday shall be paid at time and one-half the regular rate, inclusive of benefits. All hours on Sundays and holidays shall be paid at
double the hourly rate, inclusive of benefits.
Four 10-hour days may worked, at straight time, between 6:00 AM and 6:00 PM, Monday through Thursday.

RECOGNIZED HOLIDAYS:
New Year's Day, Presidents' Day, Memorial Day, July 4th, Labor Day, Presidential Election Day, Veterans' Day, Thanksgiving Day and
Christmas Day, or day on which they are legally observed.
Effective Dates:

|  | 12/05/2021 |  | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 59.18 | 40.83 | 100.01 | 103.20 | 106.36 | 109.56 |

### CLASSIFICATIONS:

Chief Lineman

Effective Dates:

|  | 12/05/2021 |  | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 55.83 | 38.52 | 94.35 | 97.36 | 100.35 | 103.36 |

### CLASSIFICATIONS:

Journeyman Lineman

**TERRITORY**          NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

**ENTIRE STATE**                    PREVAILING WAGE RATE DETERMINATION

**ELECTRICIAN- UTILITY WORK (NORTH)**     Rates Expiration Date :

**Effective Dates:**

|  | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 55.83 | 38.52 | 94.35 | 97.36 | 100.35 | 103.36 |

**CLASSIFICATIONS:**

Special License Operator

**Effective Dates:**

|  | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 55.27 | 38.13 | 93.40 | 96.38 | 99.35 | 102.32 |

**CLASSIFICATIONS:**

Transit Man

**Effective Dates:**

|  | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 53.60 | 36.98 | 90.58 | 93.47 | 96.33 | 99.21 |

**CLASSIFICATIONS:**

Line Equipment Operator

**Effective Dates:**

|  | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 46.90 | 32.36 | 79.26 | 81.77 | 84.29 | 86.81 |

**CLASSIFICATIONS:**

Dynamite Man

**Effective Dates:**

|  | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 69.79 | 48.15 | 117.94 | 121.69 | 125.44 | 129.20 |

**CLASSIFICATIONS:**

General Foreman

**Effective Dates:**

|  | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 64.20 | 44.29 | 108.49 | 111.96 | 115.41 | 118.85 |

**CLASSIFICATIONS:**

Assistant General Foreman

| TERRITORY | NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT |
|---|---|
| ENTIRE STATE | PREVAILING WAGE RATE DETERMINATION |

**ELECTRICIAN- UTILITY WORK (NORTH)**    Rates Expiration Date : 

Effective Dates:

| | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 62.53 | 43.14 | 105.67 | 109.03 | 112.40 | 115.76 |

CLASSIFICATIONS:

Line Foreman

Effective Dates:

| | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 45.22 | 31.20 | 76.42 | 78.85 | 81.28 | 83.72 |

CLASSIFICATIONS:

Street Light Mechanical Leader

Effective Dates:

| | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 42.99 | 29.66 | 72.65 | 74.96 | 77.26 | 79.58 |

CLASSIFICATIONS:

Groundman Winch Operator

Effective Dates:

| | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 42.99 | 29.66 | 72.65 | 74.96 | 77.26 | 79.58 |

CLASSIFICATIONS:

Groundman Truck Operator

Effective Dates:

| | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 42.43 | 29.27 | 71.70 | 73.98 | 76.26 | 78.55 |

CLASSIFICATIONS:

Street Light Mechanic

Effective Dates:

| | 12/05/2021 | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|
| Rate | Fringe | Total | Total | Total | Total |
| 42.43 | 29.27 | 71.70 | 73.98 | 76.26 | 78.55 |

CLASSIFICATIONS:

Line Equipment Mechanic

**TERRITORY**              NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

**ENTIRE STATE**                    PREVAILING WAGE RATE DETERMINATION

<u>**ELECTRICIAN- UTILITY WORK (NORTH)**</u>    <u>Rates Expiration Date :</u>

**Effective Dates:**

| | 12/05/2021 | | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|---|
| Rate | Fringe | Total | | Total | Total | Total |
| 36.29 | 25.04 | 61.33 | | 63.29 | 65.23 | 67.17 |

**CLASSIFICATIONS:**

Groundman 2nd Year

**Effective Dates:**

| | 12/05/2021 | | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|---|
| Rate | Fringe | Total | | Total | Total | Total |
| 33.50 | 23.11 | 56.61 | | 58.42 | 60.21 | 62.02 |

**CLASSIFICATIONS:**

Groundman 1st Year

**Effective Dates:**

| | 12/05/2021 | | | 12/04/2022 | 12/03/2023 | 12/01/2024 |
|---|---|---|---|---|---|---|
| Rate | Fringe | Total | | Total | Total | Total |
| 55.27 | 38.13 | 93.40 | | 96.38 | 99.35 | 102.32 |

**CLASSIFICATIONS:**

Line Equipment Foreman

TERRITORY                NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

ENTIRE STATE                        PREVAILING WAGE RATE DETERMINATION

**ELECTRICIAN- UTILITY WORK (SOUTH)**    **Rates Expiration Date :**

Electrician-Utility Work (South)
(For apprentice rates refer to Electrician-Utility Work (South) in any county rate package).
These rates apply to work contracted for by the following utility company:
Atlantic City Electric.
These rates do not apply to work on substations or switching stations.
For utility work contracted for by a utility company other than the one listed above or those listed under "Electrician-
Utility Work (North), see the "Outside Commercial Rates" for the county in which the jobsite is located.

* FOR OUTSIDE COMMERCIAL RATES PLEASE SEE COUNTY RATES

The regular workday is 8 hours, between 7:00 AM and 4:30 PM.
FOR EMERGENCY WORK ONLY: (emergency work is defined as work caused by storm, catastrophe, act of god, and circumstances
beyond the control of the employer)- all hours of work shall be paid at double the hourly rate.
SHIFT DIFFERENTIALS:
 Shift work must run for a minimum of 5 consecutive workdays.
 When two (2) or three (3) shifts are worked the following shall apply:
 1st shift (between the hours of 8:00 AM and 4:30 PM)
 2nd shift (between the hours of 4:30 PM and 12:30 AM): 8 hours of work + 10% of the regular rate of pay for 7.5 hours worked.

 3rd shift (between the hours of 12:30 AM and 8:00 AM): 8 hours of work + 15% of the regular rate of pay for 7 hours worked.

OVERTIME:
Hours in excess of 8 per day, or before or after the regular wokday Monday through Friday, that is not shift work,
and all hours on Saturday shall be paid at time and one-half the regular rate. All hours on Sundays and Holidays
shall be paid double the hourly rate.

Four 10-hour days may be worked, at straight time, between 6:00 AM and 6:00 PM, Monday through Thursday with Friday used as a
make-up day.

RECOGNIZED HOLIDAYS:
New Year's Day, Memorial Day, July 4th, Labor Day, Veterans' Day, Thanksgiving Day and Christmas Day or on days celebrated.

WORKING RULES:
There shall be a Foreman in charge of each work crew. No crews are to exceed twelve (12) men, including Foremen.

There shall be a General Foreman designated for transmission work when three (3) or more crews are on the same job and for distribution
work where there are more than twenty (20) employees on site.
A small job crew shall consist of five (5) or less employees, one (1) of the Journeyman Linemen in the crew shall be  designated as a
Small Job Foreman.
Work performed from ladders and/or mechanical lift equipment shall be the work of Linemen and/or Apprentices.
On new construction, fitting and framing poles, towers or structures may be done by Journeymen and/or Apprentices. Groundmen may
assist, but may not perform any work which would be performed by Linemen if assembled in the air.
There shall be a Journeyman Lineman in each pole setting, erection, grounding, wire and cable-pulling crew of more than three (3) men.
 **Effective Dates:**

|  | **12/05/2021** |  |
|---|---|---|
| Rate | Fringe | Total |
| 65.28 | 53.00 | 118.28 |

**CLASSIFICATIONS:**

General Foreman

TERRITORY NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

ENTIRE STATE PREVAILING WAGE RATE DETERMINATION

**ELECTRICIAN- UTILITY WORK (SOUTH)**  Rates Expiration Date : 

Effective Dates:

|  | 12/05/2021 |  |
|---|---|---|
| Rate | Fringe | Total |
| 58.14 | 48.74 | 106.88 |

**CLASSIFICATIONS:**

Foreman

Effective Dates:

|  | 12/05/2021 |  |
|---|---|---|
| Rate | Fringe | Total |
| 55.08 | 46.90 | 101.98 |

**CLASSIFICATIONS:**

Small Job Foreman

Effective Dates:

|  | 12/05/2021 |  |
|---|---|---|
| Rate | Fringe | Total |
| 51.00 | 44.47 | 95.47 |

**CLASSIFICATIONS:**

Heavy Equipment Operator

Effective Dates:

|  | 12/05/2021 |  |
|---|---|---|
| Rate | Fringe | Total |
| 51.00 | 44.47 | 95.47 |

**CLASSIFICATIONS:**

Cable Splicer

Effective Dates:

|  | 12/05/2021 |  |
|---|---|---|
| Rate | Fringe | Total |
| 51.00 | 44.47 | 95.47 |

**CLASSIFICATIONS:**

Journeyman Lineman

Effective Dates:

|  | 12/05/2021 |  |
|---|---|---|
| Rate | Fringe | Total |
| 51.00 | 44.47 | 95.47 |

**CLASSIFICATIONS:**

Journeyman Welder

TERRITORY                NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

ENTIRE STATE                        PREVAILING WAGE RATE DETERMINATION

<u>ELECTRICIAN- UTILITY WORK (SOUTH)</u>    <u>Rates Expiration Date :</u>

Effective Dates:

| | 12/05/2021 | |
|---|---|---|
| Rate | Fringe | Total |
| 51.00 | 44.47 | 95.47 |

CLASSIFICATIONS:

Journeyman Painter

Effective Dates:

| | 12/05/2021 | |
|---|---|---|
| Rate | Fringe | Total |
| 40.80 | 38.24 | 79.04 |

CLASSIFICATIONS:

Light Equipment Operator

Effective Dates:

| | 12/05/2021 | |
|---|---|---|
| Rate | Fringe | Total |
| 35.70 | 35.33 | 71.03 |

CLASSIFICATIONS:

Groundman Truck Driver

Effective Dates:

| | 12/05/2021 | |
|---|---|---|
| Rate | Fringe | Total |
| 33.15 | 33.82 | 66.97 |

CLASSIFICATIONS:

Groundman 3rd Year

Effective Dates:

| | 12/05/2021 | |
|---|---|---|
| Rate | Fringe | Total |
| 30.60 | 32.30 | 62.90 |

CLASSIFICATIONS:

Groundman 2nd Year

Effective Dates:

| | 12/05/2021 | |
|---|---|---|
| Rate | Fringe | Total |
| 28.05 | 30.77 | 58.82 |

CLASSIFICATIONS:

Groundman 1st Year

TERRITORY                               NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

ENTIRE STATE                                   PREVAILING WAGE RATE DETERMINATION

---

**ELECTRICIAN- UTILITY WORK (SOUTH)**    <u>Rates Expiration Date :</u>

**Effective Dates:**

|  | 12/05/2021 | |
|---|---|---|
| Rate | Fringe | Total |
| 21.78 | 27.02 | 48.80 |

**CLASSIFICATIONS:**

Flagman

# EXHIBIT B

**CONNELL FOLEY LLP**
One Newark Center
1085 Raymond Boulevard, Nineteenth Floor
Newark, New Jersey 07102
(973) 436-5800
Attorneys for Defendant, Haverfield International Incorporated (improperly pleaded as Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN SMITH, on behalf of himself and all other similarly situated persons,<br><br>     Plaintiff,<br><br> vs.<br><br>HAVERFIELD INTERNATIONAL INCORPORATED d/b/a HAVERFIELD CORPORATION, d/b/a HAVERFIELD AVIATION,<br><br>     Defendant. | Civil Action No. 22-cv-<br><br>**APPLICATION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD PURSUANT TO LOCAL CIVIL RULE 6.1(b)** |

Application is hereby made for a Clerk's Order pursuant to Local Rule of Civil Procedure 6.1(b) of the United States District Court for the District of New Jersey extending the time within which defendant, Haverfield International Incorporated (improperly pleaded as Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation) ("Defendant"), may reply, plead or otherwise defend with respect to plaintiff's Class Action Complaint, and it is represented that:

    (i)  Plaintiff filed his Class Action Complaint in state court on April 7, 2022;

    (ii)  Defendant was served with a copy of the Summons and Class Action Complaint on April 27, 2022;

    (iii)  Defendant filed the within Notice of Removal on May 27, 2022;

6478669-1

(iv)    Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendant must answer or present other defenses or objections within seven (7) days after the Notice of Removal is filed, or on or before June 3, 2022; and

(iii)    No previous extension has been granted.

**CONNELL FOLEY LLP**
Attorneys for Defendant,
Haverfield International Incorporated (improperly pleaded as Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation)

By: _____
          Matthew W. Bauer

Dated: May 27, 2022

**CONNELL FOLEY LLP**
One Newark Center
1085 Raymond Boulevard, Nineteenth Floor
Newark, New Jersey 07102
(973) 436-5800
Attorneys for Defendant, Haverfield International Incorporated (improperly pleaded as Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN SMITH, on behalf of himself and all other similarly situated persons,<br><br>        Plaintiff,<br><br>vs.<br><br>HAVERFIELD INTERNATIONAL INCORPORATED d/b/a HAVERFIELD CORPORATION, d/b/a HAVERFIELD AVIATION,<br><br>        Defendant. | Civil Action No. 22-cv-<br><br>**ORDER FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD PURSUANT TO LOCAL CIVIL RULE 6.1(b)** |

This matter having come before the Clerk pursuant to Local Civil Rule 6.1(b), and the application having been properly made;

**IT IS** on this the _____ day of _____, 2022, hereby

**ORDERED** that the time within which defendant, Haverfield International Incorporated (improperly pleaded as Haverfield International Incorporated d/b/a Haverfield Corporation, d/b/a Haverfield Aviation) ("Defendant"), may reply, plead or otherwise defend with respect to plaintiff's Class Action Complaint is extended for a period of fourteen (14) days and thus, Defendant shall file its responsive pleading on or before June 17, 2022.

                          WILLIAM T. WALSH
                          Clerk, U.S. District Court

                          By:_____